**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4809

CAROLYN STOVER ROBERTS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-98-10-AW)

Submitted: May 10, 2000

Decided: June 20, 2000

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter L. Blair, BLAIR & LEE, P.C., Hyattsville, Maryland; C. William Michaels, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Odessa P. Jackson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carolyn Stover Roberts appeals the district court's amended judgment modifying her restitution payment schedule. Finding no reversible error, we affirm.

We find no merit in Roberts' argument that she was not liable to pay the full amount of restitution as ordered by the district court and contained in the judgment of conviction. Full restitution was within the range permitted by her plea agreement. At sentencing, the court informed her that she would be jointly and severally liable for the full amount of restitution along with her now-deceased husband.

We also find that the district court did not abuse its discretion in modifying the judgment of conviction after Roberts received a substantial monetary settlement from Montgomery County because a police officer shot her husband, causing his death. The receipt of the settlement sufficiently changed her circumstances to warrant accelerating the restitution payment schedule. See 18 U.S.C. § 3664(k) (1994).

In addition, we find that the seven-day time period under Rule 35(c) of the Federal Rules of Criminal Procedure is not applicable to a Government's motion seeking modification of a restitution order under § 3664(k).

Finally, we conclude that Roberts' due process rights were not violated when the district court declined to hold a hearing on the Government's motion to modify the restitution order. Roberts was served with notice of the motion and had an opportunity to respond. In addition, the district court's modification of the judgment of conviction did not violate Roberts' protection against double jeopardy. She was always obligated to pay the full amount of restitution and the district court's modification did not alter that obligation.

Accordingly, we affirm the district court's amended judgment of conviction. We dispense with oral argument because the facts and

2

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3